PER CURIAM.
This appeal is by the plaintiff from a divorce judgment. The pleadings raised substantial issues relating to property rights of the parties in certain businesses and other assets. The trial court struck the pleadings of the plaintiff wife and entered a default against her, for her disobedience of an order relating to discovery. However, notwithstanding the default, the court permitted the wife to participate on final hearing with relation to the properties. The judgment granted the defendant husband a divorce on his counterclaim, and ruled on the property rights of the parties. Thereby the wife was allowed to retain the property which was solely owned by her. The residence of the parties was ordered to be listed by them for sale, with the proceeds of the sale to be divided between them. The wife was given the furnishings thereof. The husband was declared to be the owner of the corporations Sevilla International, Inc. and G.M.C.A. Corporation, except that as to a certain note of the latter corporation, secured by a chattel mortgage, which had been made to and was possessed by the wife, it was held the husband should have an equal interest with her therein. A diamond ring deposited by the parties with a jeweler for sale was declared to be the property of the husband. Another diamond ring, of 7.8 carats was declared to be the property of the husband “and or his mother.” The wife was declared to be the owner of "any interest in M.B.G. Investments Corp.” and any saving accounts in her name. The parties’ joint savings and checking accounts were held to be joint.
*267 The first contention presented by the appellant is that the court committed error in striking her pleadings and entering the default. The trial court was empowered to so order, in the circumstances, under Rule 1.380(b) FRCP, 30 F.S.A.
Entry of the default and denial of plaintiffs’ motion to set it aside was not error, by virtue of the provisions of the rule cited above, and for the further reason that the plaintiff, at trial, was permitted to be heard and to litigate her property claims, and to oppose those of the defendants.
The further contention of the appellant that the evidence was insufficient to support the judgment is found to be without merit upon consideration thereof on the basis of the record and briefs.
No reversible error having been made to appear, the judgment is affirmed.
BARKDULL, C. J., concurs in judgment.